UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY GILLIAN and MILENA CESARSKA on behalf of themselves and all others similarly situated,

Plaintiffs,

-v-

STARJEM RESTAURANT CORP. d/b/a FRESCO BY SCOTTO,

Defendant.

Case No. 10 cv 6056 (JSR)

ECF Case

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND FOR COURT FACILITATION OF NOTICE

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
Attorneys for Defendant

*Of Counsel*
Craig R. Benson
Gary D. Shapiro

# TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT .......... 1

II. ARGUMENT .......... 2

A. Plaintiffs Are Not Entitled To Conditional Certification Under 29 U.S.C. § 216(b) .......... 2

1. Standard for Conditional Certification .......... 2

2. Plaintiffs Are Not Similarly Situated To Other Putative Class Members With Respect To Their Minimum Wage and Overtime Claims. .......... 2

3. Plaintiffs Are Not Similarly Situated To Other Putative Class Members With Respect To The Legality Of The Tip Pool. .......... 6

B. FLSA Collective Actions Brought Along With A Rule 23 Action Are Incompatible Because They Inherently Conflict .......... 7

C. Plaintiffs' Proposed Notice Is Confusing and Misleading, and Should Be Rejected .......... 8

1. The Proposed Notice Is Unfairly Lopsided. .......... 8

2. The Proposed Notice Misrepresents Fresco's Position On The Legal Merits of This Litigation .......... 9

3. The Limitations Period In The Proposed Notice Is Overbroad In Scope .......... 9

4. Plaintiffs Misinform Putative Class Members Of Their Future Obligations .......... 10

5. Plaintiffs' Counsel Should Not Be Permitted To Control The Notice Process .......... 10

6. Should The Court Order Issuance Of Notice, The Parties Should Be Permitted Time To Negotiate Over The Form And Substance Of The Notice .......... 11

III. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

PAGE

### CASES

*Barfield v. New York City Health & Hosps. Corp.*,
No. 05 Civ. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884, *3
(S.D.N.Y. Nov. 17, 2005) ........ 3, 4

*Bowens v. Atl. Maint. Corp.*,
546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008) ........ 10

*Brzychnalski v. Unesco, Inc.*,
35 F. Supp. 2d 351 (S.D.N.Y. 1999) ........ 8

*Cash v. Conn Appliances*,
2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) ........ 4

*Davis v. Abercrombie & Fitch Co.*,
08 Civ. 1859, 2008 U.S. Dist. LEXIS 86577, *36-37
(S.D.N.Y. Oct. 23, 2008) ........ 12

*Diaz v. Elecs. Boutique of Am., Inc.*,
No. 04-CV-0840, 2005 U.S. Dist. LEXIS 30382
(W.D.N.Y. Oct. 17, 2005) ........ 3

*Diaz v. Elecs. Boutique of Am., Inc.*,
No. 04-CV-0840, 2005 U.S. Dist. LEXIS 30382 , *17
(W.D.N.Y. Oct. 17, 2005) ........ 3

*Dybach v. Florida Dep'. of Corrections*,
942 F.2d 1562, 1567-68 (11th Cir. 1991) ........ 2, 4

*Eldred v. Comforce Corp., Inc.*,
No. 08-CV-1171, 2010 U.S. Dist. LEXIS 18260, *56-57
(N.D.N.Y. Mar. 2, 2010) ........ 11

*Gordon v. Kaleida Health*,
08-CV-3785, 2009 U.S. Dist. LEXIS 95729, *32-33
(W.D.N.Y. Oct. 14, 2009) ........ 11, 12

*Hallissey v. America Online, Inc.*,
Case No. 99-CIV-3785, 2008 U.S. Dist. LEXIS 18387, *11
(S.D.N.Y. Feb. 19, 2008) ........ 10

*Hoffman-La Roche, Inc. v. Sperling*,
493 U.S. 165, 167 (1989) ........ 2

*Hoffman-La Roche, Inc. v. Sperling*,
493 U.S. 165, 169 (1989) ........ 2

*Hollander v. Am. Cyanamid Co.*,
172 F.3d 192, 198 (2d Cir. 1999) ........ 4

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
239 F.R.D. 363 (S.D.N.Y. 2007) ........ 8

## TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Lance v. Scotts Co.*, 2005 U.S. Dist. LEXIS 14949 (N.D. Ill. July 21, 2005) (citing *Cash v. Conn Apliances*, 2 F. Supp.2d 884, 897 (E.D. Tex. 1997) and *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) .... 4

*Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, *4 (S.D.N.Y. Nov. 6, 2003) .... 3

*Morales v. Plantworks, Inc.*, No. 05 CV 2503, 2006 U.S. Dist. LEXIS 4267, *6 (S.D.N.Y. June 12, 2006) .... 5

*Morales v. Plantworks, Inc.*, No. 05 CV 2503, 2006 U.S. Dist. LEXIS 4267, *7 (S.D.N.Y. June 12, 2006) .... 3, 4, 5

*Powers v. Centennial Communs. Corp.*, 679 F. Supp. 2d. 918 (N.D. Ind. 2009) .... 7

*Powers v. Centennial Communs. Corp*, 679 F. Supp. 2d 918, 928 .... 7

*Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 254 (S.D.N.Y. 2009) quoting *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) .... 4

*Ravenell v. Budget Car Rental, LLC*, 08- CV-2113, 2010 U.S. Dist. LEXIS 72563, *16 (E.D.N.Y. July 19, 2010) .... 11

*Riddle v. Nat'l Sec. Agency, Inc.*, No. 05 CV 5880, 2007 U.S. Dist. LEXIS 68842, *84 (N.D. Ill. September 13, 2007) .... 7

*Salazar v. AgriProcessors, Inc.*, No. 07-CV-1006-LRR, 2007 U.S. Dist. LEXIS 78222, *34 (N.D. Iowa October 22, 2007) .... 7

*Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, Docket No. 10-1884 .... 8

*Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) .... 8

**STATUTES**

29 U.S.C. § 216(B) .... 1, 2, 5, 6, 7

N. Y. Lab. Law §203-d .... 11

## TABLE OF AUTHORITIES

PAGE

### FEDERAL RULES

Fed. R. Civ. P. 23(b)(3) .......... 1
Fed. R. Civ. P. 23 .......... 1, 6, 7

## I. PRELIMINARY STATEMENT

On March 18, 2011, Plaintiffs filed two motions – to conditionally certify their claims under the federal Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. § 216(b), and to certify their claims under the New York Labor Law as a class action under Fed. R. Civ. P. 23(b)(3). Defendant Starjem Restaurant Corp. ("Fresco") submits this opposition to Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b).

In their Second Amended Complaint, Plaintiffs make claims under the FLSA for minimum wage and overtime violations. With regard to their minimum wage claims, Plaintiffs' base their recovery on two premises – that individuals participated in the tip pool but should not have, and that tipped employees were paid a set amount per shift worked. With regard to their minimum wage claims, Plaintiffs simply state that Fresco did not pay properly tipped employees who worked in excess of forty hours in a week.

Plaintiffs' motion must fail for several reasons. First, FLSA opt-in collective actions and state law Fed. R. Civ. P. 23 opt-out class actions inherently conflict, and should not be permitted to be brought side-by-side. Second, with regard to their minimum wage and overtime pay claims, Plaintiffs are not similarly situated to other putative class members. Accordingly, Plaintiffs' motion for conditional certification should be denied in its entirety.

Even assuming that Plaintiffs can satisfy their burden under § 216(b) of proving that the members of the putative class are similarly situated (which they cannot), Plaintiffs' proposed notice is defective and should be rejected.

## II. ARGUMENT

### A. Plaintiffs Are Not Entitled To Conditional Certification Under 29 U.S.C. § 216(b).

#### 1. Standard for Conditional Certification.

Section 216(b) of the FLSA authorizes a plaintiff to file suit on behalf of "other employees similarly situated," but only if such employees "consent in writing." 29 U.S.C. § 216(b). Courts refer to this as the requirement that putative class members "opt-in" to FLSA collective actions. Although "district courts have the discretion, in appropriate cases ... to facilit[ate] notice to potential plaintiffs," court-ordered notice *is not* automatic. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before granting judicial imprimatur to an attorney's effort to shop a lawsuit to other potential plaintiffs, the court must "satisfy itself that there are other employees of the ... employer who desire to 'opt-in' and who are 'similarly situated'...." *Dybach v. Florida Dept. of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Hoffman*, 493 U.S. at 167.

#### 2. Plaintiffs Are Not Similarly Situated To Other Putative Class Members With Respect To Their Minimum Wage and Overtime Claims.

In their motion for conditional certification, Plaintiffs state that the reason collective actions are favored is "because they benefit the judicial system by enabling the 'efficient resolution in one proceeding of common issues of law and fact,' and provide employees with the opportunity to 'lower individual costs to vindicate rights by the pooling of resources.'" (Plaintiffs' Memorandum of Law in Support of Motion for Conditional Certification of FLSA Collective Action and for Court Facilitation of Notice ("Pl. Br.") at p. 16) (citations omitted). Neither situation is presented in the instant case.

Plaintiffs must establish similarly situated status through a factual showing, not simply

allegations. *See Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, *4 (S.D.N.Y. Nov. 6, 2003); *see also Barfield v. New York City Health & Hosps. Corp.*, No. 05 Civ. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 17, 2005). Further, "[t]hough the first state of class certification only requires a 'modest factual showing,' it must be sufficient to demonstrate that plaintiffs and potential class members were victims of a common scheme or plan *that violated the law*." *Morales v. Plantworks, Inc.*, No. 05 CV 2503, 2006 U.S. Dist. LEXIS 4267, *7 (S.D.N.Y. June 12, 2006).

Here, a determination of whether Fresco's alleged rules violated the minimum wage and overtime provisions of the FLSA depends on the number of hours *each individual* worked on a particular shift, as well as the number of hours *each individual* worked in a particular week. This inquiry involves a daily evaluation of how much time an individual spent performing compensable work. In that regard, this matter is analogous to *Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-CV-0840, 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005). In *Diaz*, the court denied conditional certification because the plaintiff's "off-the-clock claims require an examination by the Court of when he was scheduled to work, when he actually worked, whether he was paid for such and whether [the store manager] altered his timesheets and, then, the Court would have to conduct the same inquiry as to each other class member." 2005 U.S. Dist. LEXIS 30382, at *17. Although Defendant's practices concerning scheduling may have been common, there is nothing *per se* unlawful about any of them, and the facts that drive the liability analysis are individual in nature. Thus, Plaintiffs cannot establish that they and the putative class were subjected to common policies that violated the law, and no such policies exist.

In addition, discovery in this matter is closed, and Plaintiffs' only "evidence" in support of their motion is the form declarations of Plaintiff Gillian, Plaintiff Cesarska, and John Jeffrey

Shaw. In those statements, they attempt to create class-wide issues by making assertions about how other employees were treated in conjunction with statements about their own hours and how they were paid. (*See*, e.g., Declaration of Milena Cesarska ("Cesarska Decl.") at ¶¶ 7, 8, 10, 12, 13, 42, 43; Declaration of Gary Gillian ("Gillian Decl.") at ¶¶ 7, 8, 9, 11, 12, 36, 37; Declaration of John Jeffrey Shaw ("Shaw Decl.") at ¶¶ 7, 8, 9, 11, 12, 35, 36). Because these declarations are filled with hearsay, they should be disregarded and are not sufficient to establish similarly situated status. *Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 254 (S.D.N.Y. 2009) (quoting *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may . . . strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements")); *Barfield*, 2005 U.S. Dist. LEXIS 28884, *3 (denying conditional certification, and holding that "anecdotal hearsay" is insufficient to establish a widespread practice); *Lance v. Scotts Co.*, 2005 U.S. Dist. LEXIS 14949 (N.D. Ill. July 21, 2005) (denying motion for conditional certification where plaintiff failed to produce evidence – other than his own hearsay testimony – that other employees shared concerns) (citing *Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) and *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

Moreover, a factual showing that pertains primarily to the named Plaintiffs cannot support conditional certification. *Morales*, 2006 U.S. Dist. LEXIS 4267, *7. In *Morales*, the plaintiffs alleged that their employer had a common policy to deny plaintiffs overtime. The only proof they submitted in support of their position was paystubs from one of the plaintiffs. Besides that, they merely alleged that "there are over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants. Plaintiffs are representative of these other workers and are acting on

behalf of their interests as well as their own interests in bringing this action." *Id.* at 2006 U.S. Dist. LEXIS 4267, *6. Plaintiffs here did not even produce the minimal documentary evidence produced by plaintiffs in *Morales*. Notably, unlike other matters where motions for conditional certification are filed early in the proceeding, Plaintiffs here have had the opportunity to take discovery for many months. Over that time, Fresco has produced thousands of pages of documents, and seven individuals have been deposed. However, Plaintiffs have not submitted a single document concerning the treatment of busboys, runners, or bartenders. Nor have Plaintiffs produced a single declaration from a Fresco busboy, runner, or bartender, or deposed anyone in those positions about: (i) how many shifts in a week they worked; (ii) when they left work after a lunch or dinner shift; (iii) how much time they spent performing pre-meal side work (i.e., folding napkins, folding linens, etc); (iv) how much time they spent engaging in a fully relieved, non-compensable meal period; (v) how much time they spent at pre-shift meetings; (vi) how much time they spent performing end-of-shift side work, or even that they had to perform such end-of-shift side work; (vii) whether they had end-of-shift paperwork to perform; (viii) whether they consistently worked the same number of lunch and dinner shifts over time; or (ix) whether the experiences of busboys, runners, bartenders, and waiters are common with regard to the above-listed issues. Like the plaintiffs in *Morales*, Plaintiffs here rely on allegations based on either hearsay or their own personal experiences for their claim that everyone in the putative class was treated in a way that violated the law. That is insufficient to satisfy a plaintiff's burden at this stage. *Id.* at 2006 U.S. Dist. LEXIS 4267, *7.

Since potential class members are not similarly situated within the meaning of § 216(b), adjudication of their claims would require consideration of facts unique to each person that predominate over any facts common to the entire group. As such, a denial of conditional

certification would not lead to "virtually identical individual lawsuits," as Plaintiffs' claim. (Pl. Br. at p. 16). Therefore, the Court should deny Plaintiffs' motion and refuse to circulate a notice of pendency.

**3. Plaintiffs Are Not Similarly Situated To Other Putative Class Members With Respect To The Legality Of The Tip Pool.**

The putative class of waiters, runners, bussers, and bartenders are not similarly situated with regard to a central claim at issue in this case – the legality of the participants in the tip pool. Plaintiffs allege that stockers and runner/expeditors do not participate in the service and are, therefore, not properly included in the tip pool. The stocker position is an assignment rotated among busboys. Similarly, the runner/expeditor position is an assignment rotated among runners. Thus, as Plaintiffs acknowledge at page 12 of their memorandum of law in support of their motion for class certification under Fed. R. Civ. P. 23, the same people who act as busboy act as stocker, and the same people who act as runner act as runner/expeditor. This fact presents a conflict for Plaintiffs. The conflict exists because Plaintiffs seek to represent not only other waiters, but also the group of busboys and runners employed at Fresco. (Pl. Br. at p. 1). Because those busboys and runners are the very same individuals who also serve as stockers and expeditor/runners, respectively, they have a vested interest in their participation in the tip pool being validated. Plaintiffs, on the other hand, are all former waiters, and they have taken the contrary position that stocker and runner participation is invalid. Their interests in this regard are not aligned. As such, the putative class members are not, contrary to the applicable standard, similarly situated with regard to their allegations that the law has been violated.

Due to this inherent conflict, potential class members are not similarly situated within the meaning of § 216(b), and the Court should deny Plaintiffs' motion and refuse to circulate a notice of pendency.

### B. FLSA Collective Actions Brought Along With A Rule 23 Action Are Incompatible Because They Inherently Conflict.

For collective actions brought pursuant to § 216(b), putative class members must affirmatively "opt-in" to be a member of the class and participate in the litigation, while individuals are automatically included in the class in class actions certified under Fed. R. Civ. P. 23 unless they affirmatively "opt out" of the litigation. The incompatibility between these opt-in and opt-out mechanisms is a "fundamental reason to not mix the two types of actions." *Powers v. Centennial Communs. Corp.*, 679 F. Supp. 2d. 918 (N.D. Ind. 2009).

Moreover, if FLSA § 216 opt-in claims and Fed. R. Civ. P. 23 opt-out state law claims are allowed to proceed side-by-side, the notices sent to putative class members would be inherently confusing, with one notice explaining how to back out of the suit and the other providing information on the steps needed to join it. Many district courts are reluctant to allow certification when putative class members are likely to be confused by the notice. *See*, e.g., *Powers*, 679 F. Supp. 2d at 928 (denying class certification because, among other reasons, if both federal and state law claims were allowed to proceed, "the necessary notices sent to class members would be inherently confusing"); *Salazar v. AgriProcessors, Inc.*, No. 07-CV-1006-LRR, 2007 U.S. Dist. LEXIS 78222, *34 (N.D. Iowa October 22, 2007) (class notices containing both federal and state law claims "may be confusing to potential class members"); *Riddle v. Nat'l Sec. Agency, Inc.*, No. 05 CV 5880, 2007 U.S. Dist. LEXIS 68842, *84 (N.D. Ill. September 13, 2007) (finding that "potential class members would likely be confused by a notice that tells them simultaneously about opting-in and opting-out of claims" and that it is a "compelling" reason for denying class certification based on state law wage claims). The fact that the § 216(b) opt-in and Fed. R. Civ. P. 23 opt-out mechanisms require different notices to putative class members refutes any notion that convenience will be served by allowing the class to proceed. For this additional

reason, the Court should deny Plaintiffs' motion for conditional certification.

Furthermore, the Second Circuit has not yet ruled on whether conditional certification in a hybrid action is appropriate.[1] The United States Court of Appeals for the Second Circuit will hear oral argument on that issue in the upcoming months in the matter of *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, Docket No. 10-1884. To avoid a situation where this Court issues a ruling that may conflict with controlling precedent from the Second Circuit, Fresco respectfully requests that the Court abstain from ruling on Plaintiffs' motion for conditional certification in this hybrid action until after the Second Circuit rules in *Shahriar*.

### C. Plaintiffs' Proposed Notice Is Confusing and Misleading, and Should Be Rejected.

For the reasons set forth above, Plaintiffs cannot meet the threshold necessary for conditional certification of a class whose potential members share little in common other than the fact that they were, at some point in time, employed by the same entity. Should the Court disagree and authorize notice, which it has discretion to do under the U.S. Supreme Court's holding in *Sperling*, Plaintiffs' proposed notice, attached to the Declaration of Michael Palmer as Exhibit A, is deficient in many regards and should not be issued.

#### 1. The Proposed Notice Is Unfairly Lopsided.

Plaintiffs' proposed notice contains eight references to Plaintiffs' counsel's contact information or instances when putative class members should contact them. (Pl. Proposed Notice at p. 2, ¶¶ 6, 13, 15, 16, 17, 22, 27). This type of steering is improper under all circumstances, but if the Court is inclined to provide putative class members with Plaintiffs'

---

[1] Fresco recognizes that a number of district courts in the Southern District have rejected this argument and certified hybrid actions. *See*, e.g., *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006); and *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999).

counsel's contact information, putative class members should also be provided with Defense counsel's information. That way, they can get a fair and balanced picture of the litigation before making a decision on whether to "opt-in."

**2. The Proposed Notice Misrepresents Fresco's Position On The Legal Merits of This Litigation.**

Plaintiffs' counsel includes a brief, inaccurate version of Fresco's position on the merits of Plaintiffs' claims. (Plaintiffs' Proposed Notice, attached as Exhibit A to the Declaration of Michael Palmer, ("Pl. Proposed Notice") at ¶ 3). Fresco requests the opportunity to include a short statement of its position on the litigation drafted by its counsel, as opposed to one drafted by Plaintiffs' attorneys. Briefly, for the Court's convenience, it is Fresco's position that the tip pool is voluntary and run by the employees; that all of the individuals who receive a distribution from the tip pool engage in direct customer service; that employees were paid for all hours worked; that the clothing service employees wear does not constitute a uniform; and, even if it does, the majority of such clothing is distributed at no cost to the employee and they are wash and wear items.

**3. The Limitations Period In The Proposed Notice Is Overbroad In Scope.**

Plaintiffs' proposed notice uses an incorrect six year limitations period and welcomes opt-ins to file claims all the way back to August 12, 2004. The FLSA claims of employees who worked more than two years (arguably three years) before the opt-in date would be barred by the FLSA's statute of limitations. Plaintiffs presumably base this extended period on their New York Labor Law claims, which have a six year statute of limitations. If conditional certification is granted, it will only be for their federal wage law claims, not their New York Labor Law claims. Therefore, for these reasons, as well as those in Section II.A, above, concerning the risks associated with including state and federal law claims in the same notice, references to the time

period for recovery should be modified to only reflect the FLSA statute of limitations.

**4. Plaintiffs Misinform Putative Class Members Of Their Future Obligations.**

Plaintiffs represent that putative class members will not be required to attend trial. (Pl. Proposed Notice at ¶ 26). Although Plaintiffs' counsel may not call them to testify, depending on the circumstances, Defendant's counsel may subpoena or otherwise seek to examine any putative class member it deems appropriate. Therefore, this representation should be stricken.

**5. Plaintiffs' Counsel Should Not Be Permitted To Control The Notice Process.**

Plaintiffs' proposed notice requires opt-in claimants to mail the consent form to Plaintiffs' counsel, and not the court. By implication, it also appears that Plaintiffs will be directly responsible for the distribution of the notice. Courts regularly reject this proposed procedure. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008) ("recent decisions have held that such a provision [forwarding consent forms to plaintiff's counsel] improperly discourages class members from seeking outside counsel and thus, courts have directed Consent Forms be sent to the Clerk of Court.") (internal citations omitted); *Hallissey v. America Online, Inc.*, Case No. 99-CIV-3785, 2008 U.S. Dist. LEXIS 18387, *11 (S.D.N.Y. Feb. 19, 2008) ("Also, both notices must instruct the former CLs to submit any written consents to the Clerk of the Court only.")

Plaintiffs' proposed plan of distributing notice is inappropriate because notice should be distributed by a third party claims administrator to protect the privacy rights of the potential class members. Third party claims administrators are routinely used in these types of cases and can easily be identified and agreed upon by the parties. Utilizing a third party claims administrator to facilitate the sending of notices will fulfill several important objectives: (1) it will preserve the privacy rights of other current and former waiters, runners, busboys, and bartenders, who will

decide for themselves whether to disclose their personal information to Plaintiffs' attorneys; (2) it will ensure that the notice is mailed in a timely fashion; (3) it will ensure that only the Court authorized notice will be distributed to these individuals; (4) it will reduce the likelihood that Plaintiffs' attorneys will engage in aggressive and one-sided solicitation and recruitment efforts directed to individuals who chose not to respond to the Court authorized notice; and (5) it will allow Plaintiffs' attorneys to discover personal information (including Social Security numbers, addresses, and telephone numbers, which are generally protected from disclosure under N.Y. Lab. Law § 203-d) only from individuals who opt-in to the action and voluntarily consent to the disclosure of such information, rather than any individual who may be a potential class member but has no desire to join the action or disclose his/her personal information.

Fresco cannot conceive of any reason why using a third party claims administrator to mail the notice would be prejudicial to any legitimate litigation objective in this action.

**6. Should The Court Order Issuance Of Notice, The Parties Should Be Permitted Time To Negotiate Over The Form And Substance Of The Notice.**

As indicated above, Fresco recognizes that the Court may permit issuance of notice of pendency in certain circumstances. If the Court finds those circumstances to be present here, Fresco respectfully requests that the Court permit the parties, as is customary, a period of time to meet and confer and submit a jointly acceptable form of notice, or, in the alternative, to permit further briefing by Defendant on this issue. *See*, e.g., *Ravenell v. Budget Car Rental, LLC*, 08-CV-2113, 2010 U.S. Dist. LEXIS 72563, *16 (E.D.N.Y. July 19, 2010) (directing parties to confer on form and content of opt-in notice and submit a proposed joint notice to the court); *Eldred v. Comforce Corp., Inc.*, No. 08-CV-1171, 2010 U.S. Dist. LEXIS 18260, *56-57 (N.D.N.Y. Mar. 2, 2010) (ordering that plaintiffs submit a revised opt-in notice to defendants and that parties should meet and confer regarding any objections raised by defendants); *Gordon v.*

*Kaleida Health*, 08-CV-3785, 2009 U.S. Dist. LEXIS 95729, *32-33 (W.D.N.Y. Oct. 14, 2009) (directing the parties to meet and confer on the notice and related forms and to submit a stipulation or, if unable to reach an agreement, to submit proposals and letter briefs for further ruling by the court); *Davis v. Abercrombie & Fitch Co.*, 08 Civ. 1859, 2008 U.S. Dist. LEXIS 86577, *36-37 (S.D.N.Y. Oct. 23, 2008) (ordering that the parties were to confer and attempt to agree on the form of notice to be sent to the potential plaintiffs and, if unsuccessful, to submit letter briefs regarding the areas of dispute).

## III. CONCLUSION

For the foregoing reasons, Fresco respectfully requests that the Court abstain from ruling on Plaintiffs' motion for conditional certification, and, if the Court does rule on it, to deny it. In the event the Court grants Plaintiffs' motion, Fresco respectfully requests that the Court defer ruling on the substance of a notice and instead permit the parties time to meet and confer over the substance of such a notice prior to ordering its distribution.

Date: April 1, 2011
New York, New York

Respectfully submitted,

Craig R. Benson
Gary D. Shapiro
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendant

Firmwide:100758325.6 067257.1001