UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY GILLIAN and MILENA CESARSKA on
behalf of themselves and all others similarly situated,

Plaintiffs,

-v-

STARJEM RESTAURANT CORP. d/b/a FRESCO
BY SCOTTO,

Defendant.

Case No. 10 cv 6056 (JSR)

ECF Case

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022
Attorneys for Defendant

*Of Counsel*
Craig R. Benson
Gary D. Shapiro

## TABLE OF CONTENTS

PAGE

I.     PRELIMINARY STATEMENT ....................................................................... 1

II.    ANALYSIS..................................................................................................... 1

       A.    Neither Mr. Vosilla Nor Mr. Drill Are An "Employer" or "Agent."..................... 1

             1.    Mr. Scotto Makes All Hiring, Firing and Meaningful Disciplinary
                   Determinations.................................................................................... 2

             2.    Mr. Scotto Has The Final Word Over The Schedule................................. 3

             3.    Mr. Vosilla and Mr. Drill Do Not Maintain Employment Records........... 4

             4.    The Other Alleged Indicia Of Managerial Status Are Insufficient............ 6

             5.    The Cases Cited By Plaintiffs Are Inapposite ............................................ 7

       B.    The Other Requirements of Federal and New York Law Are Satisfied. ............... 8

             1.    Challenged Participants Serve In Roles That Customarily and
                   Regularly Receive Tips and Are Similar To Waiters or Busboys ............. 8

             2.    The Dual Jobs Analysis Does Not Apply .................................................. 9

             3.    The Fresco Tip Pool Is Voluntary........................................................... 10

III.   CONCLUSION............................................................................................. 10

# TABLE OF AUTHORITIES

CASES                                                                        PAGE

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 248 (1986)                                           1

*Ayres v. 127 Rest. Corp.,*
    12 F. Supp. 2d 305 (S.D.N.Y. 1998)                                 7

*Ayers v. 127 Rest. Corp.,*
    12 F.Supp. 2d 305, 307-308 (S.D.N.Y. 1996)                         7

*Chan v. Triple 8 Palace, Inc.,*
    No. 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780, *60-61 (S.D.N.Y.   6
    Mar. 30, 2006)

*Chung v. New Silver Palace Rest.,*
    272 F. Supp. 2d 314 (S.D.N.Y. 2003)                               10

*Chung v. New Silver Palace Rest., Inc.,*
    246 F. Supp. 2d 220, 223 (S.D.N.Y. 2002)                           7

*Chung v. New Silver Palace Rest., Inc.,*
    246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002)                           7

*Dole v. Continental Cuisine, Inc.,*
    751 F. Supp. 799, 801 (E.D. Ark. 1990)                             4

*Dole v. Continental Cuisine, Inc.,*
    751 F. Supp. 799, 801-803 (E.D. Ark. 1990)                         7

*Fowler v. Scores Holding Co.,*
    677 F. Supp. 2d 673 (S.D.N.Y. 2009)                               10

*Garcia v. La Revise Assocs. LLC,*
    No. 08 Civ. 9356, 2011 U.S. Dist. LEXIS 3325, *21-23 (S.D.N.Y. Jan. 13,   3
    2011)

*Garcia v. La Revise Assocs. LLC,*
    No. 08 Civ. 9356, 2011 U.S. Dist. LEXIS 3325, *20 (S.D.N.Y. Jan. 13,   4
    2011)

*Garcia v. La Revise Assocs. LLC,*
    No. 08 Civ. 9356, 2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011),   8

*Goenaga v. March of Dimes Birth Defects Found.,*
    51 F.3d 14, 18 (2d Cir. 1995)                                      1

*Hartnett v. Wade-Mark Eleven, Inc.,*
    549 N.Y.S. 2d 69 (2d Dep. 1989)                                   10

*In re Starbucks Employee Gratuity Litig.,*
    264 F.R.D. 67, 72-73 (S.D.N.Y. 2009)                              3, 7

*Lu v. Jing Fong Rest., Inc.,*
    503 F. Supp. 2d 706, 710 (S.D.N.Y. 2007)                           8

# TABLE OF AUTHORITIES

| STATUTES | PAGE |
|---|---|
| New York Labor Law § 193 | 10 |
| New York Labor Law § 196-d | 2, 7, 8, 10 |
| New York Labor Law § 198-b | 10 |

| OTHER AUTHORITIES | PAGE |
|---|---|
| 29 C.F.R. § 531.56(e) | 9, 10 |
| Fed. R. Civ. P. 56(c)(4) | 4, 8 |

I.    **PRELIMINARY STATEMENT**

Plaintiffs allege that Messrs. Drill and Vosilla had various powers that make them "employers" or "agents" under the FLSA and N.Y. Labor Law, yet they fail to provide reliable evidence in support of same.  The undisputed credible evidence is that they lack the relevant powers Plaintiffs impute to them, and the ones they do have are insufficient to disqualify them from tip pool participation.  The same lack of reliable evidence is found in their assertions that the stocker, runner/expeditor, and party captain positions do not perform service functions.  Plaintiffs have no first hand knowledge of what stockers and runner/expeditors do each day.  They instead speculate that those individuals do not perform service functions.  Such baseless assertions are insufficient to defeat summary judgment.  Further, Plaintiffs' statements about the party captain are belied by their deposition testimony.  For the following reasons and those in Fresco's moving brief, summary judgment is appropriate.

II.    **ANALYSIS**

There must be no "genuine issue" of material fact for a party to prevail at summary judgment.  For an issue to be "genuine," there must be evidence about the fact in question such that a reasonable jury could resolve the point in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Contrary and conclusory statements do not suffice. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  Plaintiffs attempt to create issues to preclude summary judgment with declarations that do not rely on first hand knowledge or admissible evidence.  As such, they do not establish a "genuine issue."

    A.    **Neither Mr. Vosilla Nor Mr. Drill Are An "Employer" or "Agent."**[1]

---

[1] Whether an individual qualifies as an "employer" is the same under Labor Law § 196-d as under the FLSA. (Pl. Br. p. 19).  Plaintiffs improperly assert that "agent" status is determined by a different standard, yet fail to address on-point case precedent from the Southern District cited at fn. 8 of Fresco's moving brief.

Plaintiffs' responsive papers make it clear that there is essentially no dispute that Mr. Drill and Mr. Vosilla actually perform a meaningful part of the service when they participate in the tip pool. Their claim in opposition is based on an assertion that Messrs. Drill and Vosilla have such important responsibilities (i.e., ability to hire, fire, and discipline) that they cannot participate in the tip pool notwithstanding their undisputed participation in service.[2] The credible evidence is to the contrary. Mr. Scotto, one of the restaurant's owners and its General Manager, is the only individual empowered to make the types of decisions that would preclude inclusion in the tip pool. Fresco relies on the testimony of the only people with personal knowledge of these issues – Messrs. Scotto, Vosilla, and Drill. Plaintiffs alleged evidence to the contrary is based on speculation and is insufficient to bring these issues into dispute.

### 1.   Mr. Scotto Makes All Hiring, Firing and Meaningful Disciplinary Determinations.

Anthony Scotto is the only individual authorized to hire and fire employees. (Def. 56.1¶¶ 3). Plaintiffs' allegations that Mr. Vosilla and Mr. Drill hired and fired tipped employees (Pl. 56.1 ¶8) are contrary to the relevant credible evidence and their own deposition testimony. Mr. Gillian acknowledged that he never saw anyone other than Mr. Scotto hire or fire a waiter, stocker, runner, expeditor, or busboy. (Gillian Dep. 180:6-9). Mr. Shaw likewise admitted that he never observed anyone other than Mr. Scotto hire anyone, and that he understood that Mr. Scotto made the decision to terminate him. (Shaw Dep. 33:23-36:2). Ms. Cesarska admitted that she did not know who actually made the decision to terminate the individuals she identified as having been terminated by Mr. Vosilla or Mr. Drill. (Cesarska Dep. 164:24-165:2; Def. 56.1 ¶6).[3] Her testimony also established that she lacks knowledge of who makes hiring decisions.

---

[2] Mr. Vosilla only participates in the tip pool when he acts as party captain. (Pl. 56.1 ¶26).

[3] References to declarations and deposition transcripts in this reply use the same convention as in Defendant's moving papers. Transcript pages are attached to the declaration of Gary D. Shapiro.

(Cesarska Dep. 34:8-24, 36:9-23).[4]

Plaintiffs' assertion about Messrs. Drill and Vosilla's disciplinary powers is also baseless. (Pl. Br. pp. 3-4, 21). As Mr. Shaw admitted, only Mr. Scotto provided disciplinary counselings. Messrs. Drill and Vosilla, on the other hand, simply provided direction. (Shaw Dep. 37:9-23; Cesarska Dep. 18:21-24). Plaintiffs cite to Mr. Vosilla's deposition testimony, in which he said that he provides feedback to employees about their job performance, tells them not to talk on the phone, and informs them how to better perform their jobs, for the proposition that those acts are discipline. (Vosilla Dep. 55:16-23). These types of interactions are simply markers of supervisor status, not the type of actions that can disqualify one from participation in a tip pool.[5] As established in *In re Starbucks Employee Gratuity Litig.*, 264 F.R.D. 67, 72-73 (S.D.N.Y. 2009) and *Garcia v. La Revise Assocs. LLC*, No. 08 Civ. 9356, 2011 U.S. Dist. LEXIS 3325, *21-23 (S.D.N.Y. Jan. 13, 2011), supervisors like Mr. Vosilla and floor captains like Mr. Drill may participate in a tip pool, notwithstanding such limited supervisory powers.[6]

### 2.   Mr. Scotto Has The Final Word Over The Schedule.

Plaintiffs' arguments on Messrs. Drill and Vosilla's alleged responsibility for scheduling are unavailing. (Pl. Br. pp. 4, 21). As Mr. Drill and Mr. Vosilla testified, Mr. Scotto, not them, ultimately controls the schedule. (Def. 56.1 ¶¶27, 28). Plaintiffs' conclusory denial that "the testimony shows that Mr. Scotto regularly did more than simply look over the schedule" is insufficient to controvert Defendant's 56.1 statement to the contrary. Mr. Scotto and Mr. Vosilla

---

[4] The same applies to Ms. Cesarska's claim that she was hired by Mr. Drill – a claim that is based on the allegation that he interviewed her. First, Mr. Drill denies interviewing her. Even if he did, Ms. Cesarska lacks knowledge of whether Mr. Scotto was involved in the decision to hire her. She also acknowledged that the training process was like an extended job interview, and that Mr. Scotto made the ultimate decision in this regard. (Cesarska Dep. 32:5-19, 36:9-23).

[5] In addition, posting side work, telling a late employee that he is not needed, and signing off on an employee leaving at the end of a shift are merely supervisory tasks. (Pl. Br. pp. 3-4).

[6] Furthermore, Mr. Vosilla only participates when he acts as party captain, when he does not exercise any of those powers. (Scotto Supp. Dec. ¶7).

both testified about the schedule review and modification processes. (Def. 56.1 ¶27). The alleged "facts" that Plaintiffs never observed Mr. Scotto review the schedule or make changes to it are of no import. (Pl. 56.1 ¶27). Plaintiffs have no knowledge of what Mr. Scotto did in this regard, and their statements do not cast genuine doubt on the truth of Fresco's evidence. *La Revise Assocs., LLC*, 2011 U.S. Dist. LEXIS 3325 at *20 ("The evidence of record also establishes that bartenders served customers directly; Plaintiffs' anecdotal evidence that they did not see the bartenders do so during their own work shifts is insufficient to raise a genuine issue of material fact as to bartenders' customer interaction."); *see also* Fed. R. Civ. P. 56(c)(4) (declarations must be based on personal knowledge and admissible facts admissible as evidence).

Plaintiffs' evidence with respect to Mr. Drill's alleged scheduling responsibilities is equally insufficient. Mr. Gillian's deposition testimony at Pl. 56.1 ¶28 about a recollection of a single instance does not carry the day. Likewise, Ms. Cesarska's testimony that she knew Mr. Drill created the schedule because on four or five times she saw him sitting in the office with the schedule in front of him is insufficient to create a *genuine issue* of material fact. (Cesarska Dep. 61:6-62:1). This is especially true given Mr. Drill's testimony that he never created the schedule. (Def. 56.1 ¶28).

Even assuming that what Plaintiffs allege is true (which it is not), that an employee may draft a schedule (let alone one subject to the edits and final approval of a company owner, as is the case here) is insufficient to convert an individual into an employer/agent. *See*, e.g., *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 801 (E.D. Ark. 1990) (holding that a maitre d' who set the initial schedules for the wait staff, but lacked other indicia of authority, did not qualify as an "employer" under the FLSA).

### 3.   Mr. Vosilla and Mr. Drill Do Not Maintain Employment Records.

Plaintiffs claim that Mr. Vosilla cannot participate in the tip pool because he has

responsibility over employment records: specifically, the employment handbook, the acknowledgment for that handbook, I-9 forms, and employee cash out reports. (Pl. Br. pp. 4-5). This claim is unconvincing.

Mr. Vosilla testified that he *was not* involved in the creation of the handbook (which does not even qualify as an employment record), and that his role in modifying it was minimal, if any. (Vosilla Dep. 38:7-40:13).[7] The fact that Mr. Vosilla signed certain "Employee Reference Guide Receipt and Acknowledgement" forms is also irrelevant. (Palmer Dec. Ex. P). Mr. Vosilla did not, as Plaintiffs represent, sign "the handbook on behalf of the company." (Pl. Br. p. 5). His signature merely indicated that he witnessed the employee received it. (Palmer Dec. Ex. P). The simple fact that Mr. Vosilla signed an I-9 form as an authorized representative is likewise of no moment. None of those forms implicate the core employer/agent functions – e.g., hiring, firing, and discipline.

Plaintiffs next allege that responsibility for cash out reports is a strike against Messrs. Vosilla and Drill. (Pl. Br. p. 5). There is no substance to this assertion. Cash out reports are not employment records; they are documents used for tax and other purposes. Waiters compile them, and Messrs. Vosilla and Drill, on occasion, review them – e.g., make sure that there are no problems with the receipts and that tips were entered properly. (Drill Dep. 29:18-30:5; Vosilla Dep. 46:13-25, 47:2-12). This ministerial responsibility does not support agent/employer status.

Finally, while Mr. Vosilla and Mr. Drill have access to the company's computers, they cannot access employment records, and Mr. Drill cannot access the schedules. (Scotto Supp. Dec. ¶6). The computers contain wine and liquor lists and inventories, gift certificates, menus, and schedules. (Scotto Supp. Dec. ¶5).

---

[7] Mr. Scotto's misrecollection of Mr. Vosilla's purported involvement does not create a genuine issue of material fact that precludes summary judgment.

### 4.   The Other Alleged Indicia Of Managerial Status Are Insufficient.

Plaintiffs finally take a kitchen sink approach and claim that the following facts somehow establish that Mr. Vosilla (when acting as party captain) and Mr. Drill cannot participate in the Fresco tip pool:  (i) a statement by a in the handbook identifying Mr. Vosilla and Mr. Drill as managers; (ii) Mr. Drill's misstatement of his job title as "manager" on his Linked-In page; (iii) their non-inclusion on a telephone list of restaurant employees; (iv) the fact that they both wear suits; (v) the times they eat their meals; (vi) their ability to address customer issues; (vii) their manner of compensation; and (viii) end-of-day responsibilities.  (Pl. Br. p. 5).  None of these facts, standing alone or read together, are sufficient to disqualify Mr. Drill and Mr. Vosilla from participating in the tip pool.

Points (i), (ii), (iii), (iv), and (v) are simply irrelevant.   As Plaintiffs themselves acknowledge, job functions, not titles, clothing, telephone lists, or meal time preference, are what matters for determining employer/agent status. (Pl. Br. fn 9).  See *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780, *60-61 (S.D.N.Y. Mar. 30, 2006) (noting, *inter alia*, business cards indicating a manager title and management authorization to represent managerial status were insufficient, even with other indicia, to qualify a person as an "employer" or "agent" as a matter of law).

Fresco does not deny that Mr. Vosilla and Mr. Drill have some supervisory responsibility. Consistent with that, they can address customer issues (point vi), and Mr. Vosilla has some additional responsibilities on shifts for which he *is not* acting as party captain – during which times he *does not* participate in the tip pool (point viii).[8]  Due to those added duties, they are compensated in a different manner than those with no such duties (point vii).  This does not,

---

[8] Mr. Scotto engages someone else (who does not participate in the tip pool) to perform Mr. Vosilla's supervisory responsibilities when he serves as party captain.  (Scotto Supp. Dec. ¶7).

under any cited precedent, disqualify them from participating in the tip pool.

### 5.   The Cases Cited By Plaintiffs Are Inapposite.

This matter is easily distinguishable from *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002), a case repeatedly cited by Plaintiffs, but never explained.  In *Chung*, the positions in question were held by individuals who "had ownership interests in the New Silver Palace, directly or through their children or family; most were members of the board or officers; and at least four wielded substantial management authority, including the authority to hire and fire employees, set work schedules and sign checks." *Id.* at 223.  It was on that basis that the court found that the participation of two such individuals in the tip pool violated the Labor Law. *Id.* at 228.

*Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998), also cited by Plaintiffs, is distinguishable.  There, the court held that a general manager of a restaurant who had "full authority" to suspend or terminate employees, made hiring decisions, and assumed increased responsibilities for the restaurant's budget (including payroll and food costs), was an "employer or agent." *Id.* at 307-308.  Here, no such facts exist.  Anthony Scotto is the General Manager with these responsibilities.  He has never participated in the tip pool.

Under the totality of the circumstances, neither Mr. Vosilla nor Mr. Drill qualify as an "employer" or "agent" under the FLSA or N.Y. Lab. Law § 196-d.  Although Mr. Vosilla and, to a lesser extent, Mr. Drill, are supervisors in some sense, they lack the authority accorded to an employer/agent.  The core employer/agent responsibilities rest solely with Mr. Scotto.  *See Starbucks*, 264 F.R.D. at 73 (limited supervisory authority possessed by Shift Supervisors is sufficient to render them agents under § 196-d).  *See also Dole*, 751 F. Supp. at 801-803.  Plaintiffs still cannot provide any citations to this Court for that proposition.  Thus, the

challenged individuals may participate in the tip pool.[9]

**B.      The Other Requirements of Federal and New York Law Are Satisfied.[10]**

   **1.      Challenged Participants Serve In Roles That Customarily and Regularly Receive Tips and Are Similar To Waiters or Busboys.**

Plaintiffs submit declarations that stockers: (i) spent the majority of their shift in the kitchen, wiping down or drying plates, glasses, and silverware, and stacking up the items to be taken out to the stocking stations; (ii) only went to the floor to restock the stocking stations; (iii) did not interact with customers or perform direct service; and (iv) did not clear dirty items. (Gillian Dec. ¶¶16, 17, 18; Gillian Supp. Dec. ¶¶9, 10, 16; Cesarska Dec. ¶¶17, 18, 19; Cesarska Supp. Dec. ¶¶14, 15; Shaw Dec. ¶17). These statements are not founded on the type of evidence that would preclude summary judgment. Plaintiffs do not have first hand knowledge. At their depositions, they admitted that they did not see stockers perform certain tasks. (*See* Gillian Dep. 163:10-12, 179:8-22; Cesarska Dep. 142:4-7; Shaw Dep. 32:3-33:18.) Now, they claim that stockers *never* performed those tasks. Waiters are busy providing service during the meal. It is not their responsibility to note who is serving as stocker on a particular shift, or what tasks they are performing. Plaintiffs' anecdotal non-memories are insufficient to raise a genuine issue of material fact as to the stockers' participation in service. *La Revise Assocs., supra*, at Section II.A.2; *see also* Fed. R. Civ. P. 56(c)(4). We also note that Plaintiffs do not cite any cases which stand for the proposition that busboys or barbacks, which is what stockers are, may not participate in a tip pool. As stated in Fresco's initial brief, individuals with knowledge testified that stockers are service employees who a majority of their time engaged in direct customer

---

[9] Plaintiffs' analogy to *Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706 (S.D.N.Y. 2007) fails. In that case, Your Honor denied summary judgment on plaintiffs' claim that employer used tip pool to pay restaurant expenses in violation of N.Y. Lab. Law § 196-d. *Id.* at 710. There is no evidence here that wages of the challenged participants were paid from the tip pool.

[10] Plaintiffs acknowledge in their fn. 7 that Fresco notified its employees of its intent to take the tip credit. Therefore, we do not address that issue in this reply memorandum.

service, and that the minimal indirect service-related tasks they perform are incidental to that main responsibility.  (*See* Alvarado Dec. ¶¶5, 6).

Turning to the runner/expeditor position, Plaintiffs argument in opposition is based on their assertion that those individuals' primary duty is to stand in the kitchen next to one of the chefs, assist him, and act as an intermediary between the kitchen and runners.  (Gillian Dec. ¶20; Cesarska Dec. ¶21; Shaw Dec. ¶19).  Plaintiffs stake their position solely on what they allegedly observed.  Waiters rarely enter the kitchen during a meal.  They do not run food from the kitchen, and are not in a position to evaluate what a runner does during any meal.  Thus, they are not in a position to make this alleged observation.  In addition, their deposition testimony differs from their declarations.  (*See* Gillian Dep. 172:3-10, 174:18-21; Cesarska Dep. 141:21-142:3; *see also* Shaw Dep. 46:10-47:1).  Plaintiffs should not be permitted to defeat summary judgment by supplementing equivocal deposition testimony with definitive declarations.  Submitted herewith is a declaration from Pablo Alvarado, a senior runner, who also serves as runner/expeditor.  Mr. Alvarado states that he runs food every shift that he works, even those when he serves as runner/expeditor.  (Alvarado Dec. ¶¶6, 7).

Finally, Plaintiffs limit, to a single footnote, their claim that Mr. Vosilla is not entitled to receive tips when acting as a party captain.  (Pl. Br. fn. 14).  Plaintiffs can only testify about the parties they worked – which were limited.  Mr. Vosilla is the best witness for what tasks he performs, and as stated in Fresco's initial brief, his responsibilities as party captain are substantial and customer oriented.

## 2.     The Dual Jobs Analysis Does Not Apply.

Plaintiffs argue that the federal and New York dual jobs concepts apply here.  Plaintiffs misread those regulations.  29 C.F.R. § 531.56(e) addresses the use of a tip credit in "situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also

serves as a waiter." The regulation also recognizes that "[s]uch a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses." *Id.* With regard to New York law, which we note only went into effect on January 1, 2011, stockers and runner/expeditors are not in dual jobs, but rather are like waitresses with multiple responsibilities.

### 3.   The Fresco Tip Pool Is Voluntary.

Plaintiffs allege in two headings in their brief that the Fresco tip pool violates the N.Y. Labor Law because it is mandatory. The statutory text does not support Plaintiffs' position that a tip pool must be voluntary. Also, the case Plaintiffs cite, *Hartnett v. Wade-Mark Eleven, Inc.*, 549 N.Y.S. 2d 69 (2d Dep. 1989), is inapplicable because the Court's inquiry was the evidentiary basis for the Industrial Board of Appeals' decision, not whether the pool had to be voluntary. Nonetheless, the tip pool in this matter is operated solely by its participants, namely the waiters. (Def. 56.1 ¶¶35-41). Their claim that they had lacked control over its composition is belied by the evidence. (Drill Dep. 54:15-55:14). Accordingly, even if voluntariness is a requirement – which it is not – Plaintiffs' claim fails.

## III.   CONCLUSION

For these reasons, as well as those stated in Defendant's moving papers, Fresco respectfully requests that the Court grant its motion for partial summary judgment.[11]

April 8, 2011

_____
Craig R. Benson
Gary D. Shapiro

-----

[11] Plaintiffs fail to address Fresco's arguments about their N.Y. Lab. Law §§ 193 and 198-b claims, and the two cases they cite do not support their position. *See Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673 (S.D.N.Y. 2009) (denying defendant's motion to dismiss plaintiff's Labor Law claim that she was required to share tips with supervisors) and *Chung v. New Silver Palace Rest.*, 272 F. Supp. 2d 314 (S.D.N.Y. 2003) (addressing whether an individual has a private right of action under N.Y. Lab. Law §§ 196-d and 198-b).